■    GRAYSIDE REALTY CORP., Respondent, v. JOHN E. CONTINO et al., Appellants.— In an action for real estate brokerage commissions, defendants appeal from (1) a judgment of the Supreme Court, Suffolk County, entered October 12, 1973, in favor of plaintiff following a nonjury trial, and (2) an order of the same court, entered February 1, 1974, which denied defendants' post-trial motion pursuant to CPLR 4404. Judgment and order reversed, on the law, with one bill of costs, motion granted and complaint dismissed. In December, 1965, defendants agreed to sell 90.6 acres of undeveloped land to Deidre Realty Corp., title to be conveyed on or about June 15, 1966. The contract provided that " The seller hereby guarantees that as part of the consideration of this contract he will file ·[with the Planning Board of the Town of Brookhaven] the first section of 44 plots to maintain the present zoning of one-third acre." On the day of the execution of the contract of sale, defendants, by a separate writing, agreed to pay plaintiff $15,000 as its brokerage commission in connection with the sale to Deidre, the commission to be paid " as, if and when title closes ". Defendants, however, did not receive a signed map from the planning board until August, 1966, subsequent to the expiration on April 8, 1966 of the second extension granted by the planning board for the filing of the map (see Town Law, § 276, subds. 3, 4). Hence, although the signed map was filed by defendant in August, 1966, it was not a duly approved map duly filed within the exemptive provisions of section 265-a of the Town Law, in consequence of which defendants' parcel was made subject to an October, 1964 amendment to the town's zoning ordinance which up-zoned their parcel from one-third acre to one-half acre residential use. Title did not close on the law day in June, 1966; nor did it close in September, 1966 on a day fixed by defendants. Instead, Deidre commenced an action in July, 1966 against defendants, who, in August, 1967, conveyed title to the parcel to Kinsworth Properties, Inc., for $387,500, and in September, 1968 the Deidre action, to which Kinsworth and a title company had been added as parties, was settled for $35,000, of which sum defendants paid $15,500. In our opinion, proof that defendants breached their promise to Deidre to file a map for the purpose of maintaining the parcel's one-third acre zoning is not, without more, sufficient to render unconditional defendants' promise to pay plaintiff a brokerage commission. That the planning board would not sign the map until after the expiration of the second extension was a promissory risk undertaken by defendants with respect to Deidre, but it was not such a risk assumed by them with respect to the plaintiff broker. With respect to the latter, defendants' implied undertaking was to avoid conduct which would hinder or prevent the filing of the map as promised to Deidre (*Levy* v. *Lacey*, 22 N Y 2d 271). There is, however, no evidence before us the defendants' conduct was responsible for the planning board's not signing of the map until after the expiration of the second extension period. Instead, the record discloses that all that was required of defendants by the planning board within the period

of grantable extensions had been within that time satisfied by them. Hopkins, Acting P. J., Martuscello, Latham, Brennan and Benjamin, JJ., concur.